Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4156 | **DATE** | 8/31/2000 |
| **CASE TITLE** | LISA SCHUSTERIC vs. UNITED HEALTHCARE INSURANCE CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The motion to remand [6-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 05 2000 | |
| | Notified counsel by telephone. | | date docketed | 11 |
| | Docketing to mail notices. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Mail AO 450 form. | | 8/31/2000 | |
| | Copy to judge/magistrate judge. | 00 SEP -1 PM 7: 13 | date mailed notice | |
| SB | courtroom deputy's initials | | jad7 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA SCHUSTERIC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED HEALTHCARE INSURANCE CO. OF ) <br> ILLINOIS, ) <br> ) <br> Defendant. ) | No. 00 C 4156 <br><br> Suzanne B. Conlon, Judge |

DOCKETED
SEP 05 2000

## MEMORANDUM OPINION AND ORDER

Lisa Schusteric ("Schusteric") sued United Healthcare Insurance Co. of Illinois ("United Healthcare") in Illinois state court in connection with its failure to pay for physical therapy treatments prescribed by her doctor. United Healthcare removed the case to this court, asserting Schusteric's claims are completely preempted by § 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Schusteric moves to remand the case to Illinois state court.

## BACKGROUND

Since October 1997, Schusteric has been insured under a group health insurance policy issued by United Healthcare. Schusteric underwent dental surgery in December 1998. Following surgery, and again in March 1999, Schusteric received physical therapy to alleviate pain in her mouth. United Healthcare paid for this therapy, finding it to be medically necessary. But United Healthcare refused to pay for therapy prescribed in June 1999, finding it medically unnecessary. As a result, Schusteric did not receive therapy, and her condition worsened. In October 1999, United Healthcare revised its decision to pay for therapy prescribed in June 1999. However, the therapy was ineffective. Schusteric

claims that she continues to suffer dental pain due to United Healthcare's delayed decision to pay for therapy prescribed in June 1999.

## DISCUSSION

The parties focus their discussion on whether Count I of the amended complaint is properly removable. Count I claims United Healthcare negligently practiced medicine when it decided that therapy prescribed in June 1999 was medically unnecessary.[1] United Healthcare argues that despite captioning as a negligence claim, Count I is really a claim for recovery of benefits due under Schusteric's health care plan, and that it therefore arises under ERISA. ERISA § 502(a)(1)(B) provides that an action may be brought by a beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the term of the plan." 29 U.S.C. § 1132(a)(1)(B). A complaint couching a claim in terms of state law is nonetheless deemed completely preempted under § 502(a)(1)(B) and as arising under federal law when it "really" is a "claim to recover benefits due under the terms of the plan." Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1488-89 (7th Cir. 1996). Courts should "look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." Id. at 1488.

United Healthcare's argument is persuasive. Schusteric does not contend her treating physician was negligent or committed malpractice. Rather, she alleges United Healthcare negligently practiced medicine in determining that therapy was not medically necessary. This claim is really a

---

[1] Count II asserts the same conduct constitutes a breach of the insurance policy, and Count III alleges a related violation of § 155 of the Illinois Insurance Code.

2

claim to recover benefits due under her health insurance plan.[2] Jass is dispositive. In Jass, a nurse employed by the plaintiff's employee benefit plan determined that a course of therapy was not medically necessary to rehabilitate the plaintiff's knee following knee replacement surgery. The plaintiff asserted the nurse's decision was negligent and that the plan was vicariously liable for the nurse's negligence. Despite the nomenclature employed by the plaintiff, the court concluded her negligence claim was essentially a claim for denial of benefits under an ERISA plan and that the claim therefore arose under federal law. Id. at 1489. This was because when the nurse employed by the plan as a utilization review administrator determined the therapy was not medically necessary, she "determined the appropriate health benefits due" under the plan. Id. at 1489. Schusteric's claim is virtually identical to the claim in Jass.

Schusteric does not attempt to distinguish Jass. Rather, she argues this case must be remanded in light of the Supreme Court's decision in Pegram v. Heidrich, __ U.S. __, 120 S. Ct. 2143 (2000). However, Pegram addressed a different question: whether an HMO should be treated as a fiduciary under ERISA § 1109 when it makes mixed eligibility decisions -- decisions in which determination of whether a benefit plan covers a particular condition or procedure is "inextricably mixed" with determination of the appropriate treatment. The plaintiff in Pegram argued her HMO had an incentive to make mixed eligibility decisions in the physicians' self interest rather than the exclusive interests of plan participants because it rewarded its physician owners for limiting treatment by paying them a year-end bonus from the profits realized from limiting medical care. The court held that mixed eligibility decisions made by an HMO acting through its physicians were not fiduciary decisions under ERISA. Id. at 2158-59.

---

[2] Schusteric does not dispute her health insurance plan is an ERISA plan.

3

The facts of Pegram are similar to those here in that both involved allegedly erroneous determinations by a health insurer that treatment was not medically necessary. However, aside from reciting the facts of the case and misstating its holding, Schusteric offers no argument as to how Pegram renders Jass bad law. Pegram's discussion of whether the plaintiff could state a claim for breach of fiduciary duty under ERISA § 1109 says nothing about whether a negligence claim of the type alleged in this case is completely preempted by § 502(a).

Finally, Schusteric cites New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645 (1995) and De Buono v. NYSA-ILA Medical and Clinical Services Fund, 520 U.S. 806 (1997) for the general proposition that the Supreme Court currently favors a narrow application of the ERISA preemption doctrine. However, those decisions concerned § 514(a) not § 502(a). Section 514(a) preempts state laws that "relate to any employee benefit plan." Preemption under § 514 is different from preemption under § 502. Jass, at 1487; Rice v. Panchal, 65 F.3d 637, 639-40 (7th Cir. 1995). A claim falling under § 502 is "'recharacterized' as one arising under federal law". Rice, 65 F.3d at 640. Claims falling under § 514 are not recharacterized as arising under federal law. Id. Instead, analysis under § 514 determines whether ERISA "serves as a defense to the state law claim." Id.

Schusteric does not argue her claim should be analyzed under § 514. Moreover, Travelers and De Buono faced questions very different from those here. The court held that state laws of general applicability – such as laws requiring hospitals to collect surcharges from patients covered by commercial insurers and HMOs and laws imposing a tax on gross receipts for patient services -- are not preempted under § 514(a) simply because they have economic effects on pension or welfare plans. See United Airlines, Inc. v. Mesa Airlines, Inc., 219 F.3d 605, 608 (7th Cir. 2000). Aside from citing

4

isolated selections of *dicta* from these cases concerning the general scope of § 514, Schusteric fails to indicate in any meaningful way how those decisions bear on this case, a case concerning a beneficiary's individual entitlement to benefits under an ERISA plan.

## CONCLUSION

The motion to remand is denied.

ENTER:

Suzanne B. Conlon
United States District Judge

August 31, 2000